IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES LAVEL STRINGER**                                                                                    **PLAINTIFF**

vs.                                                                      CIVIL ACTION No.: 3:19-CV-1-HTW-LGI

**FRITO-LAY CORPORATION, KROGER FOOD**
**CORPORATION, PEPSI CORPORATION, AND**
**PARENT COMPANY TO FRITO-LAY**                                                       **DEFENDANTS**

**ORDER**

BEFORE THIS COURT is pro se Plaintiff Charles Lavel Stringer's ("Plaintiff" or "Stringer") "Motion for De Novo[1]" review of the United States Magistrate Judge's denial of his Motion to Proceed *in forma pauperis* on appeal **[Docket no. 68]**.

Stringer, proceeding pro se and *in forma pauperis*, filed his Complaint [1] in this cause against Frito-Lay Corporation, Kroger Food Corporation, Pepsi Corporation, and Parent Company to Frito-Lay, alleging fraud, gross negligence, negligent misrepresentation, causing intentional infliction of emotional distress and mental anguish. On September 9, 2021, the court granted Defendants' Motion to Dismiss [57], finding that this court does not possess subject matter jurisdiction, under any theory advanced by the plaintiff, and dismissing the lawsuit, in its entirety, without prejudice. On September 28, 2021, Plaintiff filed a Motion to Alter or Amend Judgment [58]. This court denied Plaintiff's Motion [62]. Stringer, thereafter, filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit [64] and sought leave to appeal *in forma pauperis* [65].

---

[1] Stringer's Motion states that "De Novo means…[that the ruling Judge] read all the pleadings and orders" in a case before issuing the ruling. De Novo, however, means *anew* or *afresh*. See WEBSTER'S NEW INTERNATIONAL DICTIONARY 699 (2d ed. 1934; 1950) (defining de novo as "afresh").

1

On October 14, 2022, United States Magistrate Judge LaKeysha Greer Isaac denied Plaintiff's Motion to Proceed *in forma pauperis* [67]. The Magistrate Judge held that Plaintiff's request to proceed *in forma pauperis* must be denied pursuant to Title 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A). Section 1915(a)(3) of Title 28 provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.". The movant must demonstrate the existence of a non-frivolous issue for appeal. *See Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides, in pertinent part:

> A party who was permitted to proceed *in forma pauperis* in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization unless: (A) the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Fed. R. App. R. 24(a)(3).

Magistrate Judge Isaac held that Stringer had identified only one issue for appeal-- that he "believe[s] that the District Court[']s actions was [sic] abuse of discretion." [64]. The Magistrate Judge further found that Plaintiff had failed to demonstrate the existence of a non-frivolous issue on the merits for appeal. Accordingly, said the Magistrate Judge, Plaintiff's appeal was not taken in good faith.

Plaintiff, by way of his Motion *sub judice*, asks this court to "review the Plaintiff's court record" and find that Plaintiff "has merit issues to raise on appeal" and grant Plaintiff's Motion for Leave to Procced *in forma pauperis* on appeal. Plaintiff contends that the Magistrate Judge's ruling should be overturned because: (1) she did not inform Plaintiff that he had ten (10) days to file his objections to her decision; and (2) she did not review Plaintiff's case de novo before issuing her ruling.

This court notes first that Magistrate Judge Isaac informed Stringer of the proper procedure following her ruling: that he may challenge her finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit, within thirty (30) days of her Order. This court has before it no submission that shows Plaintiff filed such a motion.

Next, this court addresses Plaintiff's argument that the Magistrate Judge did not review his case de novo before issuing her ruling. This court construes Plaintiff's argument under his misguided definition of the term de novo, i.e., "reading all the pleadings and orders" in a case before issuing a ruling.

This court finds that the Magistrate Judge considered thoroughly the record before her, as evidenced by her references to multiple previous documents filed in this matter [See Docket no. 67]. Judge Isaac analyzed Plaintiff's Motion under the applicable law and rightly found that Plaintiff's Motion should be denied. Plaintiff references several issues he allegedly previously raised in his Motion to Alter or Amend [58]. As stated *supra,* this court denied said Motion [62]. Plaintiff did not assert any grounds other than "abuse of discretion" in his Notice of Appeal [64]. This court finds no reason to alter the United State Magistrate Judge's decision which denied Plaintiff's Motion to Proceed *in forma pauperis.*

IT IS, THEREFORE, ORDERED that Plaintiff's **Motion for De Novo [Docket no. 68]** is hereby **DENIED.**

SO ORDERED this the 7th day of September, 2023.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**